```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

REVERE INVESTMENTS, LLC,          :
   Plaintiff,                     :
                                  :
v.                                :    Civil No. 3:13CV706(AVC)
                                  :
CLARK BRINER, et al.,             :
   Defendants.                    :
```

## ORDER REMANDING CASE

The intervenor plaintiff, Roger L. Saunders, has filed a motion to remand this action to the Connecticut Superior Court, Complex Litigation Docket, in the Judicial District of Waterbury pursuant to 28 U.S.C. § 1447(c). Saunders argues that the case has been improperly removed from state court because the federal question upon which removal is based was not made part of the operative complaint. Rather, the federal question was introduced into the state court proceedings by the intervening plaintiff's proposed complaint that accompanied his motion to intervene. The defendants, Clark Briner and Revere Capital, LLC (collectively "the defendants"), oppose the motion, arguing that Suanders lacks standing to file a motion to remand, and that removal is not premature. For the reasons that follow, the court concludes that it lacks subject matter jurisdiction over this case and that it should be remanded.

**FACTS**

The plaintiff filed a complaint in the Connecticut Superior Court containing only state causes of action on November 16, 2012. On April 30, 2013, Saunders filed a motion to intervene in the state court action. The motion to intervene included a proposed complaint that contained a claim arising under 15 U.S.C. § 1125(a). Before the state court ruled on the motion to intervene, the defendants removed the case to this court pursuant to 28 U.S.C. § 1446.

**DISCUSSION**

28 U.S.C. § 1441(a) provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, a civil case filed in state court may only be removed under § 1441(a) if the case could have been brought in federal court and the federal court would have had original subject matter jurisdiction. The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

well-pleaded complaint. Rivet v. Regions Bank of L.A., 522 U.S. 470, 475 (1998); Caterpillar Inc. v. Williams, 482 U.S. 386, 392-94 (1987); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

Here, the defendants removed this action before the motion to intervene was ruled on. Therefore, Saunders' proposed cause of action under 15 U.S.C. § 1125(a) included in his motion to intervene has not become part of the operative complaint. Because the operative complaint does not contain a federal cause of action, the court concludes that it lacks subject matter jurisdiction.

28 U.S.C. § 1447(c) requires the court to remand any case it does not have jurisdiction over, regardless of whether a party files a motion to remand. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the court does not need to address the defendants' argument regarding Saunders' standing to file a motion to remand.

## **CONCLUSION**

This case is hereby remanded to the Connecticut Superior Court, Complex Litigation Docket, for the Judicial District of Waterbury.

So ordered this 26th day of June 2013, at Hartford, Connecticut.

                                             /s/
                                      Alfred V. Covello
                                      United States District Judge